UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11081-RWZ

PALOMAR MEDICAL TECHNOLOGIES, INC and
THE GENERAL HOSPITAL CORPORATION

v.

TRIA BEAUTY, INC.

ORDER

October 13, 2010

ZOBEL, D.J.

 Plaintiffs Palomar Medical Technologies and The General Hospital Corporation and defendant Tria Beauty, Inc., ask the court to comb through two patents for hair removal, U.S. Patent Nos. 5,595,568 (filed Feb. 1, 1995) and 5,735,844 (filed Jan. 30, 1996), and construe three terms in the former and two in the latter.  "[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude." Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005).  The words of a claim are read in the context of the entire patent, including the specification, which is "the single best guide to the meaning of a disputed term."  Id. at 15.

**I.      Patent No. 5,595,568**

   **A.      Transparent Device (Claim 1)**

| Term | Court's Construction |
|---|---|
| transparent device | contact device |

The phrase "transparent device" is not defined in the patent and is, standing alone, almost meaningless. When a term is not defined and has no commonly accepted meaning, the court looks to the specification for guidance. Network Commerce, Inc. v. Microsoft Corp., 422 F.3d 1353, 1359-60 (Fed. Cir. 2005). Plaintiff argues that the transparent device corresponds with the "contact device" in the specification and it should therefore be construed with the additional phrase "for converging optical radiation."

It is true that the transparent device corresponds with the contact device. Claim 1 describes a method of removing hair with optical radiation delivered by a transparent device in contact with the skin, and the specification explains that the method includes a contact device positioned proximally to the skin which delivers a radiation field. See, e.g., '568 Patent col.1 ll.37-41. It does not follow, however, that contact device must converge radiation. The specification states that the contact device may be convex or flat, but that it is preferably convex so as to converge the optical radiation, id. at col.2 ll.22-25. Preferred embodiments do not define the scope of patent claims. Kara Tech. Inc. v. Stamps.com Inc., 582 F.3d 1341, 1348 (Fed. Cir. 2009). While every described embodiment of the irradiating unit, which incorporates the contact device, either converges or collimates the radiation, this focusing of the radiation may occur prior to rather than by means of the contact device. '568 Patent col.4 ll.26-32.

### B.   Optically Transparent Apparatus (Claims 14, 18-21)

| Term | Court's Construction |
| --- | --- |
| optically transparent apparatus | contact device |

The parties do not argue, and the court does not find, any distinction between "transparent device" and "optically transparent apparatus."

### C. A Surface Shaped to Contact Said Skin Region (Claim 14)

Defendant seeks to add a parenthetical explaining that "shaped" means "not flat." This is contrary to the patent. The language of the claim, far from being "boundless" (Def.'s Preliminary Br. 18, Docket # 29), would exclude shapes that are, for example, sufficiently concave such that they contact the skin only at the outer edge. The specification specifically states that the contact surface "can be either convex or substantially flat." '568 Patent col.2 ll.23-24.

Principles of claim differentiation also counsel against such a construction. See, e.g., Comark Commc'n, Inc. v. Harris Corp.,156 F.3d 1182, 1187 (Fed. Cir. 1998). Claim 15 is dependant on claim 14 and adds only the limitation that the "surface is convex." Plaintiff's suggested construction excluding a flat surface from claim 14 would render claim 15 superfluous, as "convex or substantially flat" are the only shapes contemplated in this patent. This claim language needs no further construction.

## II. Patent No. 5,735,844

### A. Cool the Skin (Claims 1, 19)

| Term | Court's Construction |
|---|---|
| cool the skin surface in said skin region to a selected depth | remove heat from the skin surface in said skin region to a selected depth |

The parties disagree as to whether the word "cool" means simply removing heat or instead indicates cooling or precooling that reduces the skin temperature below the

pre-treatment level.  The claims expressly contemplate optical radiation treatment with "at most minimal heating" of the skin while the cooling occurs, '844 Patent col.15 l.66 to col.16 l.1, col.17 ll.44-47, so the word "cool" necessarily has the more general meaning of removing heat rather than defendant's limited construction.  The specification supports this interpretation because it references cooling below the pre-treatment level and the related concept of precooling only in the context of preferred embodiments.  See, e.g., '844 Patent col.2 ll.35-43, col.5 l.67 to col.6 l.5.  The court therefore adopts plaintiff's construction of "cool" as "removing heat."  Defendant also argues that "selected depth" should be construed to mean "a predetermined depth," but the court can discern no difference between the two phrases and finds that no further construction is needed.

### B.    Refractive Index Match (Claim 17)

| Term | Court's Construction |
| --- | --- |
| providing a substantial refractive index match between the applicator and the skin surface | providing a substantial refractive index match between the portion of the applicator in contact with the skin and the skin surface itself (refractive index value 1.55); this may be done by constructing the portion of the applicator contacting the skin out of a material with a refractive index similar to that of the skin (for example, 1.5 or 1.7) and/or placing a substance between the applicator and the skin which has a refractive index similar to that of skin |

The parties dispute what, exactly, has to have a refractive index match with the skin and what is meant by "substantial."  Plaintiff suggests this court adopt a

construction used by the Northern District of California in litigation to which defendant was not a party. Lumenis, Inc. v. Palomar Med. Techs., Inc., No. C-02-5176, slip op. at 5-7 (N.D. Cal. April 19, 2004) (Docket # 28 Ex. H). The parties in that litigation focused exclusively on the meaning of "substantial" in the context of a definiteness challenge to the patent. I am fully persuaded by the Northern District of California's use of examples from the specification to illustrate the meaning of "substantial" and decline to follow defendant's suggestion of the term "approximately equal" because it adds no clarity to the claim language.

It is clear in the claim language that there must be a substantial refractive index match between the portion of the applicator "in contact with the skin surface" and the skin. '844 Patent col.17 ll.21-25. The claim does not specify how this should be accomplished. However, the specification discusses constructing the relevant part of the applicator out of material with a substantial match and/or placing a substance with a substantial match between the applicator and the skin. '844 Patent col.2 ll.59-67, col.7 ll.23-27, col.7 l.66 to col.8 l.5.

   October 13, 2010                           /s/Rya W. Zobel
        DATE                                    RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE